IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMES P. PREYEAR,             )
      Petitioner,          )     Civil Action No. 7:17-cv-00308
                     )
v.                     )
                     )     By:    Elizabeth K. Dillon
CHARLES RUTLEDGE,       )           United States District Judge
      Respondent.      )

## <u>MEMORANDUM OPINION</u>

James P. Preyear, a federal inmate proceeding *pro se*, filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241, challenging disciplinary action taken against him at the

United States Penitentiary in Lee County, Virginia, which resulted in Preyear losing good

conduct time. Respondent filed a motion for summary judgment to which Preyear did not

respond, and this matter is ripe for disposition.[1] Having reviewed the record, the court concludes

that respondent's motion for summary judgment must be granted.

## I. BACKGROUND

Preyear alleges that he was "wrongfully charged and sanctioned" by a disciplinary

hearing officer, resulting in his loss of good conduct time. Specifically, he argues that he was

"denied the right to present material, exculpatory evidence" concerning his disciplinary

conviction for possessing drugs. As relief, Preyear asks the court to order that he be given a new

disciplinary hearing or that his conviction be expunged.

Respondent filed a motion for summary judgment and attached a declaration from a

paralegal in the Federal Bureau of Prisons (BOP), indicating that Preyear's conviction at issue

has now been expunged and his lost good conduct time restored. Respondent argues that

---

[1] Respondent filed a motion to dismiss and attached affidavits and other documents, upon which the court relies. Accordingly, the court has converted the government's motion to dismiss into a motion for summary judgment and given appropriate notice. Fed. R. Civ. P. 12(d).

because Preyear has received the relief he sought, this action is moot. Preyear did not respond to the motion for summary judgment and does not dispute the information contained in the paralegal's declaration.

## II. DISCUSSION

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. *See Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.").

Preyear's claim is now moot because, after filing his petition, Preyear received the relief he sought when the BOP expunged his conviction and restored his lost good conduct time. *See Yagman v. Thomas*, 612 F. App'x. 408, 409 (9th Cir. 2015); *Sloley v. O'Brien*, Civil Action No. 7:07cv00507, 2008 U.S. Dist. LEXIS 63849, at *5, 2008 WL 2852023, at *2 (W.D. Va. July 22, 2008).

## III. CONCLUSION

For the reasons stated herein, the court will grant respondent's motion for summary judgment.

An appropriate order will be entered.

Entered: July 27, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge